UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER MARSHALL, for and on behalf of all others similarly situated who were employed by UBS FINANCIAL SERVICES, INC., and/or any other entities affiliated with or controlled by UBS FINANCIAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> UBS FINANCIAL SERVICES, INC., and/or any other entities affiliated with or controlled by UBS FINANCIAL SERVICES, INC., <br><br> Defendant. | Case No. 14 cv 4384 (RPP) |

---

**MEMORANDUM OF LAW ON BEHALF OF DEFENDANT
UBS FINANCIAL SERVICES INC. IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
88 Pine Street
24th Floor
New York, NY  10005
(212) 483-9490
Attorneys for Defendant
UBS Financial Services Inc.

On the Brief:
    J. Michael Riordan

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ....................................................................... 1

PROCEDURAL HISTORY .......................................................................... 3

STATEMENT OF FACTS ........................................................................... 3

LEGAL ARGUMENT .................................................................................. 5

POINT I .................................................................................................... 5

    THE STANDARD TO STATE A CLAIM BASED UPON *IQBAL*, *TWOMBLY* AND THEIR PROGENY

POINT II ................................................................................................... 7

    THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR OVERTIME COMPENSATION BASED ON PLAINTIFF'S ADMISSIONS IN THE FAC

POINT III ................................................................................................ 10

    PLAINTIFF CANNOT STATE A CLAIM UNDER NYLL §§ 191, 193 OR 198

    A.   NYLL § 198 Does Not Provide a Private Right of Action for Unpaid Wages ....................................................................................... 10

    B.   NYLL § 191 Also Does Not Provide a Private Right of Action to Recover Unpaid Wages ............................................................... 10

    C.   Plaintiff Cannot State a Cause of Action Under NYLL § 193 ...... 11

POINT IV ................................................................................................ 13

    THE COURT SHOULD DISMISS PLAINTIFF'S CONCLUSORY AND LEGALLY INSUFFICIENT ALLEGATIONS THAT DEFENDANT WILLFULLY VIOLATED THE FLSA OR NYLL

    A.   The Court Should Strike the Allegations of Willfulness, and Apply the FLSA's Two-Year Statute of Limitations ................................ 13

    B.   Because the FAC Does Not Sufficiently Plead Willfulness, It Does Not State a Claim for Liquidated Damages under the NYLL for any Alleged Violation Prior to November 24, 2009 ......................... 15

POINT V ........................................................................................................ 17

PLAINTIFF'S CONCLUSORY ALLEGATIONS CONCERNING UNPAID WAGES
FAIL TO STATE A CLAIM UNDER THE FLSA OR NYLL AND THEREFORE
SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6)

   A.   Under the FLSA and NYLL, an Employment Relationship Requires a
        Promise or Expectation of Compensation ................................................. 17

   B.   The FAC Does Not Allege Facts Plausibly Showing that Plaintiff Was an
        Employee of UBS Under the FLSA or the NYLL Because It Fails to Allege
        Any Expectation of Compensation by Plaintiff for His Internship During
        College ................................................................................................... 20

CONCLUSION ............................................................................................... 22

## TABLE OF AUTHORITIES

<u>**Page**</u>

### CASES

<u>Acosta v. Yale Club of New York City</u>,
No. 94 Civ. 0888(KTD), 1995 WL 600873 (S.D.N.Y. Oct. 12, 1995) .......................... 8

<u>Archie v. Grand Cent. P'ship, Inc.</u>,
997 F. Supp. 504 (S.D.N.Y. 1998) ................................................................. 20

<u>Ashcroft v. Iqbal</u>,
129 S. Ct. 1937 (2009)................................................................................. 5

<u>Ashcroft v. Iqbal</u>,
556 U.S. 662 (2009).......................................................... 1, 2, 5, 6, 13, 14

<u>Attanasio v. Cmty. Health Systems, Inc.</u>,
No. 3:11-CV-582 (ARC), 2011 WL 5008363 (M.D. Pa. Oct. 20, 2011) ..................... 6

<u>Ayres v. 127 Rest. Corp.</u>,
12 F. Supp. 2d 305 (S.D.N.Y. 1998) ........................................................ 15

<u>Bell Atlantic Corp. v. Twombly</u>,
550 U.S. 544 (2007)........................................................... 1, 2, 5, 6, 13, 14

<u>Bustillos v. Acad. Bus., LLC</u>,
No. 13 Civ. 565 (AJN), 2014 WL 116012 (S.D.N.Y. Jan. 13, 2014) .......................... 8

<u>Cano v. DPNY, Inc.</u>,
287 F.R.D. 251 (S.D.N.Y. 2012) ............................................................... 17

<u>Chenensky v. New York Life Ins. Co.</u>,
07 CIV. 11504 WHP, 2012 WL 234374 (S.D.N.Y. Jan. 10, 2012).......................... 15

<u>Cromwell v. N.Y. City Health and Hosps. Corp. et al.</u>,
No. 12–cv–4251, 2013 WL 2099252 (E.D.N.Y. May 15, 2013)................................. 8

<u>D'Arpa v. Runway Towing Corp.</u>,
No. 12 CV 1120, 2013 WL 3010810 (E.D.N.Y. June 18, 2013) .............................. 15

<u>Davis, et al. v. Abington Memorial Hosp., et al.</u>,
No. 12-3152, -- F.3d --, 2014 WL 4198903 (3d Cir. Aug. 26, 2014) .......................... 7

<u>DeJesus v. HF Management Services, LLC</u>,
726 F.3d 85 (2d Cir. 2013)................................................................... 7, 21

<u>Deluca v. AccessIT Group, Inc.</u>,
695 F. Supp. 2d 54 (S.D.N.Y. 2010) .......................................................... 6

DeSilva v. North Shore–Long Island Jewish Health Sys., Inc.,
   770 F. Supp. 2d 497 (E.D.N.Y. 2011) ................................................. 7

Freeman v. Key Largo Volunteer Fire and Rescue Dep't, Inc.,
   841 F. Supp. 2d 1274 (S.D. Fla. 2012) ............................................. 5

Gisomme v. Healthex Corp,
   No. CV 13–2541, 2014 WL 2041824 (E.D.N.Y. May 15, 2014) ............... 8

Glatt v. Fox Searchlight Pictures, et al.,
   293 F.R.D. 516 (S.D.N.Y. 2013) ..................................................... 20

Gorey v. Manheim Servs. Corp.,
   788 F. Supp. 2d 200 (S.D.N.Y. 2011) ............................................. 13

Gurung v. Malhotra,
   No. 10 Civ. 5086, 2012 WL 983520 (S.D.N.Y. Mar. 16, 2012)............... 10

Hart v. Rick's Cabaret Int'l Inc.,
   No. 09 Civ. 3043 (JGK), 2010 WL 5297221 (S.D.N.Y. Dec. 17, 2010) ..... 6

Hernandez v. P.K.L. Corp.,
   12-CV-2276 NG RML, 2013 WL 5129815 (E.D.N.Y. Sept. 12, 2013)..... 15

Java v. Strong Steel Door, Inc.,
   20 Misc.3d 1135(A), 2008 WL 3823769 (Sup. Ct. N.Y. County Aug. 15, 2008)....... 11

Kane v. Waterfront Media, Inc.,
   No. 0604007/2007, 2008 WL 3996234 (Sup. Ct. N.Y. County Aug. 20, 2008) ........ 12

Kletter v. Fleming,
   32 A.D.3d 566 (3d Dep't 2006) ..................................................... 12

Le Hong Hung v. Lyder,
   No. 04 Civ. 4679 (GBD), 2005 WL 1412967 (S.D.N.Y. June 14, 2005) ..... 5

Lundy v. Catholic Health Sys. of Long Island,
   711 F.3d. 106 (2nd Cir. 2013) .................................................. 5, 7, 8

Mason v. Am. Tobacco Co.,
   346 F.3d 36 (2d Cir. 2003) .......................................................... 14

McLaughlin v. Richland Shoe Co.,
   486 U.S. 128 (1988)................................................................... 13

Mitchell v. C&S Wholesale Grocers, Inc.,
   Civil Action No. 10–2354 (JLL), 2010 WL 2735655 (D.N.J. July 8, 2010)............... 14

Monagle v. Scholastic, Inc.,
   No. 06-CV-14243, 2007 WL 766282 (S.D.N.Y. Mar. 9, 2007)................... 11

Myers v. Hertz Corp,
    624 F.3d 537 (2d Cir. 2010) ..................................................................... 10

Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,
    10 CIV. 2661 PAC, 2011 WL 321186 (S.D.N.Y. Jan. 28, 2011), aff'd in
    relevant part, 723 F.3d 192 (2d Cir. 2013) ...................................... 5, 7, 11

P & L Group, Inc. v. Garfinkel,
    541 N.Y.S.2d 535 (N.Y. App. Div. 1989) .................................................. 15

Sosnowy v. A. Perri Farms, Inc.,
    764 F. Supp. 2d 457 (E.D.N.Y. 2011) ...................................................... 10

Velez v. Sanchez,
    693 F.3d 308 (2d Cir. 2012) ..................................................................... 20

Walling v. Portland Terminal Co.,
    330 U.S. 148 (1947) ..................................................................... 18, 19, 20

Wysocki v. Kel–Tech Construction, Inc.,
    Index No. 603591/03 (Sup. Ct. NY Co., April 8, 2005), aff'd on other grounds,
    33 A.D.3d 375 (1st Dep't 2006) ............................................................... 10

Xuedan Wang v. Hearst Corp.,
    No. 12 CV 793(HB), 2013 WL 105784 (S.D.N.Y. Jan. 9, 2013) ............... 11, 19, 20

Young v. Cooper Cameron Corp.,
    586 F.3d 201 (2d Cir. 2009) ..................................................................... 13

Yu Ke v. Saigon Grill, Inc.,
    595 F. Supp. 2d 240 (S.D.N.Y.2008) ........................................................ 15

Zamora v. Washington Home Servs., LLC,
    No. 11-CV-00831, 2011 WL 6297941 (D. Md. Dec. 15, 2011) .................... 6

Zheng v. Liberty Apparel Co.,
    355 F.3d 61 (2d Cir. 2003) ....................................................................... 17

Zhong v. August Corp.,
    498 F. Supp. 2d 625 (S.D.N.Y. 2007) ........................................................ 7

## STATUTES

29 U.S.C. § 203(e)(1) ....................................................................................... 17

29 U.S.C. § 206 ................................................................................................ 17

29 U.S.C. § 255(a) ........................................................................................... 13

New York Labor Law § 191 ................................................................... 2, 3, 10, 11

New York Labor Law § 193 ................................................................ 2, 3, 10, 11, 12

New York Labor Law § 198 ...................................................................... 2, 3, 10

New York Labor Law § 198(1–a) ................................................................... 15

New York Labor Law § 650, <u>et seq</u>. ............................................................. 3

New York Labor Law § 651(5) ...................................................................... 17

New York Labor Law § 652 ......................................................................... 17

## RULES

Fed. R. Civ. P. 12(b)(6) ....................................................... 1, 2, 3, 5, 17, 21

Fed. R. Civ. P. 15(a) .................................................................................. 2

Fed. R. Civ. P. 15(a)(1)(A) ........................................................................... 3

## REGULATIONS

12 NYCRR § 142-2.1 ................................................................................... 3

N.Y. Comp. Codes R. & Regs. Title 12, § 142-2.14(a) ................................. 17

## PRELIMINARY STATEMENT

This matter is now before the Court on Defendant UBS Financial Services Inc.'s ("UBS" or "Defendant") motion to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff interned at a UBS New York branch office during college for approximately three months in 2012, alleging that he "worked" two days a week for a few hours per day during this period.  (FAC ¶¶ 10, 35).  He now claims that he was an employee rather than an intern, and thereby asserts claims for "minimum wages and overtime compensation" under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  (Id. ¶ 5).  Although Plaintiff's brief experience was limited to his internship at a single branch office at a single location of UBS in New York, he also purports to sue on behalf of a putative Rule 23 class and FLSA collective action comprised of others who interned at UBS's offices in the State of New York from approximately June 2008 to the present.  (Id., ¶¶ 3-5).  Essentially, all allegations concerning the New York putative class/collective are asserted "upon information and belief."

This motion addresses Plaintiff's failure to sufficiently plead even an individual claim under Ashcroft v. Iqbal, 556 U.S. 662 (2009), Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and their progeny, including Second Circuit cases dismissing FLSA and state wage and hour claims under Fed. R. Civ. P. 12(b)(6).  The FAC fails to state a claim in several respects:

1.     The FAC does not state a claim for overtime because it does not allege that Plaintiff worked overtime.  To the contrary, the FAC affirmatively

alleges that Plaintiff "typically worked two days each week, four to five hours per day," (Id., ¶ 35), which naturally would not implicate an employer's overtime obligations under state or federal law (both of which require Plaintiff to prove, among other things, that he worked more than 40 hours in a work-week). As a result, the Court should dismiss this claim with prejudice;

2.   The FAC does not state a claim under NYLL §§ 191, 193, and 198 because those sections do not provide a private right of action or otherwise do not provide an independent cause of action;

3.   The FAC does not state a claim for a "willful" violation under the FLSA or the NYLL, as necessary to extend the FLSA statute of limitations to three years and to state a claim for liquidated damages under the NYLL for violations prior to November 24, 2009; and

4.   The FAC does not state any claim under the FLSA or the NYLL for minimum wages or otherwise because it does not plead facts, as required under Iqbal and Twombly, sufficient to state a plausible claim that he was an employee rather than an intern.

Because Plaintiff does not and cannot properly plead such claims – for example, because the FAC affirmatively contradicts any claim that Plaintiff worked overtime – UBS submits that the Court should dismiss the FAC with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and without leave of the Court to replead.[1]

---

[1] As Plaintiff already has amended his Complaint once as of right, he must obtain leave of Court to amend again. Fed. R. Civ. P. 15(a).

## PROCEDURAL HISTORY

On June 17, 2014, Plaintiff filed a Complaint asserting claims, on his own behalf only, based upon alleged violations of the FLSA and NYLL.  A true and accurate copy of the Complaint is attached as Exhibit A to the Declaration of J. Michael Riordan, Esq. ("Riordan Decl."), submitted in support of Defendant's Motion to Dismiss.

On June 19, 2014, Plaintiff filed the FAC as of right pursuant to Fed. R. Civ. P. 15(a)(1)(A).  A true and accurate copy of the FAC is attached as Exhibit B to Riordan Decl.  The FAC asserts the following three causes of action on behalf of Plaintiff and a putative class/collective[2]:

First Cause of Action – asserts an FLSA claim for alleged unpaid wages for all hours allegedly worked plus liquidated damages, interest, attorneys' fees and costs;

Second Cause of Action – asserts a claim for "damages, interest, attorneys' fees and costs" based upon NYLL § 650, et seq., and 12 NYCRR § 142-2.1.  (Id., ¶ 56); and

Third Cause of Action – asserts a claim for "damages, interest, attorneys' fees and costs" based upon NYLL §§ 191, 193 &198.  (Id., ¶ 70).

By Stipulation and Order, the Court extended UBS's time to Answer or otherwise move with respect to the FAC to September 8, 2014.  UBS now moves the Court for dismissal of Plaintiffs' FAC pursuant to Fed. Civ. P. 12(b)(6).

## STATEMENT OF FACTS

The FAC alleges that Plaintiff was an intern for UBS in New York from approximately September 2012 until December 2012. (Id. ¶ 33).  As noted, the sole

---

[2] According to the Civil Docket for this matter, as of September 8, 2014, no individuals have opted into this lawsuit brought by Plaintiff Christopher Marshall.  See Riordan Decl., ¶ 5 and Exhibit C (Civil Docket Sheet) attached thereto.

factual allegation in the FAC regarding hours worked in New York by Plaintiff is the allegation that "Plaintiff Marshall typically worked two days each week, four to five hours per day." (Id. ¶ 35).   Plaintiff does not plead any other fact regarding the hours he interned at UBS in New York.   Specifically, there is no factual allegation of a single occasion on which Plaintiff worked overtime.[3]   Additionally, the FAC fails to assert any factual allegation demonstrating willfulness.[4]   Rather, Plaintiff's sole allegation with respect to his claim of a willful violation of the FLSA or NYLL is the insufficient, conclusory contention that "[u]pon information and belief, the failure of Defendant to pay Plaintiff and members of the putative collective their rightfully owed wages was willful." (Id. at ¶ 44).   Finally, while Plaintiff alleges that he was an employee rather than an intern, the FAC does not set forth any allegation of fact as to the necessary element that he participated in his internship at UBS in New York with an expectation of compensation.[5]

---

[3] See pp. 7 to 9, infra.   While this motion addresses Plaintiff's failure to state a claim even on his own behalf, the FAC also contains no factual allegation of a single instance in which any member of the putative class or collective worked overtime, or any factual allegation of the hours worked by or any expectations of compensation by any such putative class or collective member.
[4] See pp. 13 to 16, infra.
[5] See pp. 17 to 21, infra.

## LEGAL ARGUMENT

### POINT I

### THE STANDARD TO STATE A CLAIM BASED UPON *IQBAL*, *TWOMBLY* AND THEIR PROGENY

The Supreme Court's decision in Bell Atlantic Corp. v. Twombly, instructs that to survive a motion to dismiss, a plaintiff must provide "more than labels and conclusions." 550 U.S. 544 (2007). "[A] formulaic recitation of the elements of a cause of action will not do," and "blanket assertion[s] of entitlement to relief" are insufficient. Id. While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations and are insufficient to defeat a motion to dismiss." Le Hong Hung v. Lyder, No. 04 Civ. 4679 (GBD), 2005 WL 1412967, at *2 (S.D.N.Y. June 14, 2005).

The pleading standards in Twombly and Iqbal apply in wage and hour cases such as this one. "[B]oth the FLSA and the NYLL require that a complaint state more than vague legal conclusions to survive a Fed. R. Civ. P. 12(b)(6) motion." Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 10 CIV. 2661 PAC, 2011 WL 321186 at *4 (S.D.N.Y. Jan. 28, 2011), aff'd in relevant part, 723 F.3d 192 (2d Cir. 2013).   See, e.g., Lundy v. Catholic Health Sys. of Long Island, 711 F.3d. 106, 114 (2nd Cir. 2013) (affirming district court's grant of defendants' Motion to Dismiss plaintiffs' FLSA and NYLL overtime claims pursuant to Fed. R. Civ. Proc. 12(b)(6)); Freeman v. Key Largo Volunteer Fire and Rescue Dep't, Inc., 841 F. Supp. 2d 1274 (S.D. Fla. 2012) (granting

motion to dismiss FLSA claims on the basis that plaintiff was not an employee, but rather a volunteer and noting that the question of whether plaintiff was an employee or volunteer was a question of law); Attanasio v. Cmty. Health Systems, Inc., No. 3:11-CV-582 (ARC), 2011 WL 5008363, at *6 (M.D. Pa. Oct. 20, 2011) (dismissing FLSA claim where the plaintiffs failed to plead basic terms of primary employment relationship; rather, plaintiffs' "pleadings constitute a mere 'formulaic recitation of the elements of [the] cause of action' and are insufficient to maintain a cause of action."); Zamora v. Washington Home Servs., LLC, No. 11-CV-00831, 2011 WL 6297941, at *3 (D. Md. Dec. 15, 2011) (dismissing complaint where plaintiff "failed to state a cognizable claim that he is an employee for the purposes of the FLSA," and the "threadbare allegations" had no tendency to show that he was an employee rather than an independent contractor); see also Hart v. Rick's Cabaret Int'l Inc., No. 09 Civ. 3043 (JGK), 2010 WL 5297221 (S.D.N.Y. Dec. 17, 2010) (applying Iqbal and Twombly standards to FLSA and NYLL claims); Deluca v. AccessIT Group, Inc., 695 F. Supp. 2d 54 (S.D.N.Y. 2010) (dismissing NYLL claims due to insufficient allegations).

## POINT II

### THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR OVERTIME COMPENSATION BASED ON PLAINTIFF'S ADMISSIONS IN THE FAC

Plaintiff does not allege and cannot allege facts sufficient to establish a prima facie claim for overtime compensation.  In order to state a claim for unpaid overtime compensation under both the FLSA and NYLL,[6] a plaintiff must allege facts showing that he (1) was an employee who was eligible for overtime; and (2) actually worked overtime hours for which he was not compensated.  See Zhong v. August Corp., 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007); DeSilva v. North Shore–Long Island Jewish Health Sys., Inc., 770 F. Supp. 2d 497, 507 (E.D.N.Y. 2011).  Putting aside the point of whether or not he was an employee (see Point V, infra), Plaintiff's overtime claim fails under the second element:  "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."  Lundy, supra, 711 F.3d. at 114[7]; see also DeJesus v. HF Mgmt. Servs., 726 F.3d. 85 (2d Cir. 2103) (dismissing complaint where no estimation of hours provided); Nakahata, 723 F.3d. at 201 ("[t]o plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week.").

---

[6] The analysis of overtime claims under the FLSA and NYLL is practically the same. See DeJesus v. HF Management Services, LLC, 726 F.3d 85, 89 n.5 (2d Cir. 2013) (noting overtime portions of New York Labor Law do not diverge from requirements of the FLSA).

[7] Accord Davis, et al. v. Abington Memorial Hosp., et al., No. 12-3152, -- F.3d --, 2014 WL 4198903, at *3-5 (3d Cir. Aug. 26, 2014) (in affirming dismissal of plaintiffs' FLSA overtime claim, the Third Circuit adopted the test established by Lundy regarding pleading requirements necessary to state a plausible FLSA overtime claim).

The FAC does not allege that Plaintiff ever interned for over forty hours a week. To the contrary, Plaintiff affirmatively acknowledges that he did not intern for over forty hours in any given week, stating "Plaintiff Christopher Marshall typically worked two days each week, four to five hours per day" – that is, eight to ten hours per work-week. (FAC ¶ 35). Thus, there is "no plausible claim that FLSA was violated, because Plaintiff[] [has] not alleged a single work-week in which [he] worked at least 40 hours and also worked uncompensated time in excess of 40 hours." Lundy, 711 F.3d at 114 (explanatory text added).

Plaintiff's conclusory allegation that UBS violated both the FLSA and NYLL by "failing to provide overtime wages" (FAC ¶¶ 1, 18) does not even approach the particularity required to raise a plausible inference of an overtime violation. Lundy, supra. See, e.g., Bustillos v. Acad. Bus., LLC, No. 13 Civ. 565 (AJN), 2014 WL 116012, at *2-5 (S.D.N.Y. Jan. 13, 2014) (dismissing FLSA and NYLL overtime claims where plaintiff alleged in conclusory terms that he was not compensated for "excess hours"); Cromwell v. N.Y. City Health and Hosps. Corp. et al., No. 12–cv–4251, 2013 WL 2099252 (E.D.N.Y. May 15, 2013) (dismissing complaint where plaintiffs failed to identify any particular work-week they worked uncompensated time for more than 40 hours); Gisomme v. Healthex Corp, No. CV 13–2541, 2014 WL 2041824, at *3 (E.D.N.Y. May 15, 2014) (dismissing FLSA minimum wage and overtime claims); Acosta v. Yale Club of New York City, No. 94 Civ. 0888(KTD), 1995 WL 600873, at *4 (S.D.N.Y. Oct. 12, 1995) (dismissing FLSA claim where "[p]laintiffs cite various instances when they worked several extra hours in a given day," but "do not offer any

examples of situations when management employed them for more than 40 hours in a week without paying them overtime").

Accordingly, any claim by Plaintiff for overtime under the FLSA and NYLL fails as a matter of law.

## POINT III

## PLAINTIFF CANNOT STATE A CLAIM UNDER NYLL §§ 191, 193 OR 198

**A.    NYLL § 198 Does Not Provide a Private Right of Action for Unpaid Wages**

Plaintiff's Third Cause of Action alleges that Defendant failed to pay wages to Plaintiff in violation of NYLL §§ 191, 193 and 198.  (FAC ¶¶ 1, 65, 68, 70).  As a threshold matter, NYLL § 198 contains only a remedial scheme and does not set forth any substantive obligations giving rise to a cause of action. See Sosnowy v. A. Perri Farms, Inc., 764 F. Supp. 2d 457, 476 (E.D.N.Y. 2011) (NYLL § 198 does not provide its own substantive source of recovery; rather plaintiff can recover benefits under § 198 only if he is entitled to benefits under one of the substantive provisions of Labor law article 6) (citations omitted). Thus, Plaintiff cannot state a cause of action under NYLL § 198.  Plaintiff's claims pursuant to NYLL §§ 191 and 193 also fail for the reasons set forth below.

**B.    NYLL § 191 Also Does Not Provide a Private Right of Action to Recover Unpaid Wages**

NYLL § 191 does not provide employees any substantive entitlement to recover unpaid wages, but instead provides a remedy only for wages not timely paid. See Myers v. Hertz Corp, 624 F.3d 537, 545 (2d Cir. 2010) (New York Labor Law § 191 involves timeliness of wage payments and does not afford plaintiffs any substantive entitlement to a particular wage); Gurung v. Malhotra, No. 10 Civ. 5086, 2012 WL 983520, at *5 (S.D.N.Y. Mar. 16, 2012) (Labor Law § 191 is an inappropriate vehicle to seek to recover prevailing wages); also Wysocki v. Kel–Tech Construction, Inc., Index No. 603591/03 (Sup. Ct. NY Co., April 8, 2005), aff'd on other grounds, 33 A.D.3d 375

(1st Dep't 2006) (dismissing a claim under Labor Law § 191 for an alleged failure to timely pay wages noting that the dispute was over the amount to be paid and not whether it was paid periodically); <u>Java v. Strong Steel Door, Inc.</u>, 20 Misc.3d 1135(A), 2008 WL 3823769, at * 12 (Sup. Ct. N.Y. County Aug. 15, 2008) (Labor Law § 191 is not appropriate for seeking recovery of prevailing wages).

The FAC does not allege a frequency of payment violation as the basis for his claim under NYLL § 191.  (<u>See</u> FAC ¶ 66).  Rather, Plaintiff asserts that he is entitled to damages under Section 191 because UBS has failed to pay him any wages at all. (<u>See</u> FAC, <u>passim</u>).  Thus, because the crux of the dispute is whether UBS was obligated to pay Plaintiff any wage - and not whether Plaintiff was paid periodically during his employment – the Court should dismiss Plaintiff's NYLL § 191 with prejudice.  <u>See</u> <u>Nakahata</u>, <u>supra</u>, 2011 WL 321186 at *3-4 (dismissing NYLL § 191 claim where plaintiffs did not set forth any allegations regarding the timing of payment).

**C.   Plaintiff Cannot State a Cause of Action Under NYLL § 193**

NYLL § 193 makes it unlawful for an employer to make any deduction from the wages of an employee other than in certain specified circumstances. <u>See</u> New York Labor Law § 193.  But, "Section 193 <u>has nothing to do with failure to pay wages</u> or severance benefits, governing instead the specific subject of making deductions from wages." <u>Monagle v. Scholastic, Inc.</u>, No. 06-CV-14243, 2007 WL 766282, at *2 (S.D.N.Y. Mar. 9, 2007) (emphasis added).  Indeed, courts repeatedly have rejected attempts to broaden the scope of Section 193 to apply to situations in which an employer allegedly fails to pay wages, as opposed to having made improper deductions from those wages. <u>See</u> <u>id.</u>; <u>see also</u> <u>Xuedan Wang v. Hearst Corp.</u>, No. 12 CV 793(HB),

2013 WL 105784, at *2 (S.D.N.Y. Jan. 9, 2013) (holding that NYLL § 193 does not apply where no wages are alleged); Kletter v. Fleming, 32 A.D.3d 566, 567 (3d Dep't 2006) (Section 193 held inapplicable where defendant "did not allege any specific deduction in violation of section 193[.]"); Kane v. Waterfront Media, Inc., No. 0604007/2007, 2008 WL 3996234 (Sup. Ct. N.Y. County Aug. 20, 2008) (dismissing plaintiff's Labor Law claim because "[a]t most, plaintiff only alleges a failure to pay wages" and "[t]o state a claim for violation of Labor Law § 193, a plaintiff must allege a specific deduction from wages and not merely a failure to pay wages").

Here, Plaintiff's claim under New York Labor Law §193 is premised solely on the allegation that UBS "with[eld] wages from Plaintiff and members of the putative class." (See FAC ¶ 68).  There is no allegation that UBS improperly deducted any amounts from any wages paid to Plaintiff or anyone else.  Accordingly, Plaintiff has failed to allege a claim under NYLL § 193 and thus the Court should dismiss Plaintiff's Third Cause of Action with prejudice.

## POINT IV

### THE COURT SHOULD DISMISS PLAINTIFF'S CONCLUSORY AND LEGALLY INSUFFICIENT ALLEGATIONS THAT DEFENDANT WILLFULLY VIOLATED THE FLSA OR NYLL

**A.   The Court Should Strike the Allegations of Willfulness, and Apply the FLSA's Two-Year Statute of Limitations**

Claims for wages under the FLSA have a two-year statute of limitations.  29 U.S.C. § 255(a). The two-year limitation period can extend to three years for "willful" violations of the FLSA.  Plaintiff bears the burden to properly plead and prove willfulness and in this case fails to meet the necessary standard to assert such claim.  See Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009).  To state a claim for a willful violation of the FLSA, more than an ordinary violation must be alleged.  Gorey v. Manheim Servs. Corp., 788 F. Supp. 2d 200, 209 (S.D.N.Y. 2011) ("Ordinary violations of the FLSA are subject to a two-year statute of limitations.").  An employer's conduct is considered willful only if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).

Plaintiff has not alleged a single fact that could implicate willful conduct.  Instead, Plaintiff's willfulness allegations are limited to unadorned legal conclusions that fail to meet the pleading requirements of Twombly and Iqbal.  Indeed, to support his claim that Defendant's conduct was willful, Plaintiff merely injects the word "willful" or similar adverbs into his otherwise insufficient, conclusory allegations:

- "The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years." (FAC ¶ 7);

- "The Plaintiff and putative class members were all subject to Defendants'

policies and willful practices of failing to pay employees all earned minimum and overtime wages." (FAC ¶ 21);

- "Defendants' unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the putative class." (FAC ¶ 31); and

- "Upon information and belief, the failure of Defendants to pay Plaintiff and members of the putative collective their rightfully-owed wages was willful." (FAC ¶ 44).

Absent from the FAC are <u>any facts</u> that UBS willfully violated federal or New York law.  It has long been settled that while the court must presume all factual allegations of the complaint to be true, "[l]egal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness."  <u>Mason v. Am. Tobacco Co.</u>, 346 F.3d 36, 39 (2d Cir. 2003).  "[T]hus, in accordance with <u>Iqbal</u>, it is insufficient to merely assert that the employer's conduct was willful; the Court must look at the underlying factual allegations in the complaint to see if they could support more than an ordinary FLSA violation."  <u>Mitchell v. C&S Wholesale Grocers, Inc.</u>, Civil Action No. 10–2354 (JLL), 2010 WL 2735655 (D.N.J. July 8, 2010).  A plaintiff must, at a minimum, give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. <u>Twombly</u>, <u>supra</u> at 554.

Here, Plaintiff has failed to allege any specific facts that would support a plausible claim that UBS's alleged violations were willful.  As a result, the Court should strike the allegations of willfulness from the FAC and, to the extent that the FLSA claim is not dismissed on other grounds (<u>see</u> Points II and III, <u>supra</u>, and Point V, <u>infra</u>), hold as a matter of law that any FLSA claim is subject to the two-year limitations period.

**B.**   **Because the FAC Does Not Sufficiently Plead Willfulness, It Does Not State a Claim for Liquidated Damages under the NYLL for any Alleged Violation Prior to November 24, 2009**

The Court should also dismiss Plaintiff's claims that Defendant engaged in willful conduct in violation of the NYLL (see FAC ¶¶ 55, 69).  New York law requires a finding of willfulness before awarding liquidated damages with respect to any alleged violations of NYLL prior to November 24, 2009.[8]  See Chenensky v. New York Life Ins. Co., 07 CIV. 11504 WHP, 2012 WL 234374 at *2 (S.D.N.Y. Jan. 10, 2012).  Thus, with respect to any allegations in the FAC of alleged violations of the NYLL prior to November 24, 2009, Plaintiff must show that any alleged underpayments were willful in order to obtain liquidated damages.   Hernandez v. P.K.L. Corp., 12-CV-2276 NG RML, 2013 WL 5129815 at *6 (E.D.N.Y. Sept. 12, 2013) ("For violations prior to November 24, 2009 . . . 'the burden is on the plaintiff to prove willfulness in order to obtain liquidated damages under New York law.'") (citations omitted).

"The applicable test for willfulness in [the NYLL] context appears to parallel that employed in determining willfulness for limitations purposes under the FLSA."  D'Arpa v. Runway Towing Corp., No. 12 CV 1120, 2013 WL 3010810, at *26 (E.D.N.Y. June 18, 2013) (quoting Yu Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 261 (S.D.N.Y 2008)).  That is, the Court must find that the employer "knowingly, deliberately, or voluntarily disregards its obligation to pay wages."  Ayres v. 127 Rest. Corp., 12 F. Supp. 2d 305, 309 (S.D.N.Y. 1998) (quoting P & L Group, Inc. v. Garfinkel, 541 N.Y.S.2d 535 (N.Y. App. Div. 1989)).  For the same reasons noted above, Plaintiff's failure to plead any

---

[8] On November 24, 2009, an amendment to the NYLL removed the prior burden placed on plaintiffs to prove willfulness and, instead, placed the burden on employers to avoid liquidated damages by demonstrating good faith. N.Y. Lab. Law § 198(1–a).

requisite factual allegation of willfulness under NYLL requires dismissal of any claim for liquidated damages based upon an alleged violation prior to November 24, 2009.

## POINT V

**PLAINTIFF'S CONCLUSORY ALLEGATIONS CONCERNING UNPAID WAGES FAIL TO STATE A CLAIM UNDER THE FLSA OR NYLL AND THEREFORE SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6)**

To succeed on his claims, Plaintiff must establish that he was an "employee" under the FLSA and NYLL. To do so, Plaintiff must plead and prove facts establishing that he had an expectation of compensation for participating in an internship at UBS. This he has not done.

### A. Under the FLSA and NYLL, an Employment Relationship Requires a Promise or Expectation of Compensation

The FLSA and NYLL require an "employer" to pay its non-exempt "employees" a minimum wage for work performed for the employer. 29 U.S.C. § 206; N.Y. Lab. Law § 652. Under the FLSA, an "employee" is defined as "any individual employed by an employer," 29 U.S.C. § 203(e)(1). The word "employ" is defined to mean "to suffer or permit to work," id., § 203(g). Similarly, under the NYLL, an "employee" is defined as "any individual employed or permitted to work by an employer." N.Y. Lab. Law § 651(5); see also N.Y. Comp. Codes R. & Regs. tit 12, § 142-2.14(a) ("employee" is "any individual employed, suffered or permitted to work for an employer"). Courts have considered the FLSA and NYLL definitions as functionally the same. See Cano v. DPNY, Inc., 287 F.R.D. 251, 260 n.2 (S.D.N.Y. 2012) ("Since the NYLL's definition of employment is nearly identical to the FLSA's[,] courts in this circuit have held that the New York Labor Law embodies the same standard for employment as the FLSA."); also Zheng v. Liberty Apparel Co., 355 F.3d 61, 78 (2d Cir. 2003) (dismissing the plaintiff's "analogous" NYLL claims "[f]or the same reasons" as the FLSA claims).

An essential element of a claim to statutory employee status is the promise or expectation of compensation. Walling v. Portland Terminal Co., 330 U.S. 148, 152-53 (1947). In Walling, the Supreme Court employed a common sense principle that a person who, "without any express or implied compensation agreement, might work for [his] own advantage on the premises of another," is not an employee as defined by the FLSA and, consequently, is not entitled to wages for work performed. Id. at 152-53. Thus, the Court held that the plaintiff trainee was not entitled to wages under the FLSA because persons "who, without promise or expectation of compensation, but solely for his personal purpose or pleasure, worked in activities carried on by other persons either for their pleasure or profit" are not employees as defined by the FLSA. The Court explained:

> [t]he definition 'suffer or permit to work' was obviously not intended to stamp all persons as employees who, without an express or implied compensation agreement, might work for their own advantage on the premises of another. Otherwise, all students would be employees of the school or college they attended, and as such entitled to receive minimum wages. So also, such a construction would sweep under the Act each person who, without promise or expectation of compensation, but solely for his personal purpose or pleasure, worked in activities carried on by other persons either for their pleasure or profit. But there is no indication from the legislation now before us that Congress intended to outlaw such relationships as these.

Id. at 152.

The Walling Court further explained that the ultimate question for determining whether one qualifies as an employee is whether the company or the individual "most greatly benefit[ed]" from the work performed. Walling, 330 U.S. at 153. This is so because, according to the Court, "[t]he Act's purpose as to wages was to insure that every person *whose employment contemplated compensation* should not be

compelled to sell his services for less than the prescribed minimum wage." Id. at 152 (emphasis added).   Conversely, those who had no expectation of compensation, but worked without pay for some other personal advantage or purpose (e.g., internship during college like the plaintiffs in Xuedan Wang v. Hearst Corp, infra, 293 F.R.D. 489, 498 (S.D.N.Y. 2013)), were held to be outside the scope of the FLSA.   Id.   In short, Walling makes clear that the purpose of the FLSA is not to ensure that everyone who performs some service is paid, but rather to ensure that individuals who work with the expectation of payment receive the "prescribed minimum wage."   Id.

The Supreme Court has affirmed this limit on the FLSA's scope, citing Walling as precedent.   For example, in Tony & Susan Alamo Found. v. Sec'y of Labor, the Court cited Walling for the proposition that "an individual may work for a covered enterprise and nevertheless not be an 'employee.'" 471 U.S. 290, 299 (1985) (emphasis added). The Alamo Court's determination that plaintiffs in that case were employees hinged on the fact – which was not plead here because it cannot be plead – that they expected compensation.   Id. at 301.   The Court found that the workers there were "entirely dependent [on the defendant] for long periods" and for "food, shelter, clothing, transportation and medical benefits," i.e., they depended on the defendant for "wages in another form."   Id. at 293, 301.   Again citing Walling, the Court concluded that the evidence of complete economic dependency created an expectation of compensation because, "[u]nder the circumstances," the workers "must have expected to receive in-kind benefits – and expect them in the exchange for services."   Id. at 301.   Because of their economic dependence and receipt of "wages in another form," the workers were held to be employees.   Id.

The <u>Alamo</u> Court was clear that the FLSA covers "only those who engage in [commercial activities] in *expectation of compensation*" and that "[o]rdinary volunteerism is not [covered by the FLSA]." <u>Id.</u> at 302-03 (emphasis added). Consistent with this principle, the Second Circuit recently cited <u>Walling</u> in support of the point that a regular salary arrangement is a "significant" factor in finding an employment relationship. <u>Velez v. Sanchez</u>, 693 F.3d 308, 330 (2d Cir. 2012); <u>see also</u> <u>Archie v. Grand Cent. P'ship, Inc.</u>, 997 F. Supp. 504, 533 (S.D.N.Y. 1998) (expectation of compensation is an "important element[]" in determining employment status).

Here, the "expectation of compensation" element as enunciated in <u>Walling</u>, <u>Alamo</u> and <u>Sanchez</u> applies to Plaintiff's claims for unpaid wages during his internship. <u>See</u> <u>Wang</u>, 293 F.R.D. at 498 (S.D.N.Y. 2013) (applying the analysis enunciated in <u>Walling</u> to conclude that unpaid interns of Hearst were not employees and not entitled to wages under the FLSA and NYLL); <u>but</u> <u>cf.</u> <u>Glatt v. Fox Searchlight Pictures, et al.</u>, 293 F.R.D. 516 (S.D.N.Y. 2013) (relying in part and rejecting in part the <u>Walling</u> analysis and finding that interns were employees).[9]

**B.** **The FAC Does Not Allege Facts Plausibly Showing that Plaintiff Was an Employee of UBS Under the FLSA or the NYLL Because It Fails to Allege Any Expectation of Compensation by Plaintiff for His Internship During College**

As <u>Walling</u>, <u>Alamo</u>, and their progeny make clear, to fall within the statutory definition of "employee", at minimum, an individual must have had an expectation of compensation for the services performed. An exhaustive review of the FAC yields no

---

[9] The <u>Wang</u> and <u>Glatt</u> cases reflect a split in this District as to the controlling legal standard to apply in FLSA and NYLL class actions brought by unpaid interns. Consequently, both <u>Wang</u> and <u>Glatt</u> are on appeal to the Second Circuit (and will be heard in tandem). <u>See</u> <u>Wang</u>, No. 13-4480 (2d Cir. filed Nov. 26, 2103) and <u>Glatt</u>, No. 13-4481 (2d Cir. filed Nov. 26, 2013).

allegation that Plaintiff expected compensation for participating in an internship at UBS in New York.[10]   The fact that the FAC is devoid of any such allegation is not surprising because Plaintiff never had any expectation of compensation.   The balance of Plaintiff's allegations in the FAC simply track the statutory language of the FLSA and NYLL (see FAC ¶¶ 11 to 24) and parrot the factors contained in the U.S. Department of Labor's Fact Sheet # 71 (April 2010) concerning interns.[11]  (See FAC ¶¶ 25 to 32.).   But, such parroting of legal conclusions is insufficient as a matter of law to satisfy the factual pleading requirements necessary to state a plausible claim for unpaid wages and avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6).   See, e.g., DeJesus, 726 F.3d at 89 (in granting defendant's 12(b)(b) motion, the court observed that the Complaint merely "tracked the statutory language of the FLSA, lifting its number and rehashing its formulation, but alleg[ed] no particular facts sufficient to raise a plausible inference of an FLSA overtime violation.").

Because Plaintiff fails to plead the necessary factual allegation that he expected compensation for participating in the internship while attending college, all Causes of Action under the FAC fail as a matter of law and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

---

[10]   The original Complaint similarly lacked any allegation that Plaintiff had an expectation of compensation for participating in the internship.  See Exhibit A to Riordan Declr.
[11]   Fact Sheet #71 is not legal authority and its factors are "non-exhaustive"; thus a recitation of its factors does not per se state a claim under the FLSA.

## CONCLUSION

For all the foregoing reasons, UBS respectfully submits that the Court should dismiss the FAC with prejudice.

Respectfully submitted,

McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Attorneys for Defendant
UBS Financial Services Inc.

By: _____
        J. Michael Riordan

Dated:  September 8, 2014