UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER MARSHALL, for and on behalf of all others similarly situated who were employed by UBS FINANCIAL SERVICES, INC., and/or any other entities affiliated with or controlled by UBS FINANCIAL SERVICES, INC.,

                    Plaintiff,

      v.

UBS FINANCIAL SERVICES, INC., and/or any other entities affiliated with or controlled by UBS FINANCIAL SERVICES, INC.,

                    Defendant.

Case No. 14 cv 4384 (RPP)

---

**REPLY MEMORANDUM OF LAW ON BEHALF OF DEFENDANT UBS FINANCIAL SERVICES INC. IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
88 Pine Street
24th Floor
New York, NY  10005
(212) 483-9490
Attorneys for Defendant
UBS Financial Services, Inc.

On the Brief:
    J. Michael Riordan
    John D. Miller, III

2427100_1

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ..................................................................................... 1

LEGAL ARGUMENT .............................................................................................. 2

   POINT I ......................................................................................................... 2

      ALL CLAIMS FOR OVERTIME COMPENSATION AND ALLEGED VIOLATIONS
      OF NYLL SECTIONS 191, 193 AND 198 SHOULD BE DISMISSED WITH
      PREJUDICE

   POINT II ........................................................................................................ 3

      PLAINTIFF HAS FAILED, AS A MATTER OF LAW, TO STATE A WILLFUL
      VIOLATION OF THE FLSA OR NYLL; THUS, ALL SUCH CLAIMS SHOULD BE
      DISMISSED

   POINT III ....................................................................................................... 8

      PLAINTIFF'S FAILURE TO PLEAD THAT HE HAD AN EXPECTATION OF
      COMPENSATION DURING HIS COLLEGE INTERNSHIP AT UBS WARRANTS
      DISMISSAL OF HIS REMAINING FLSA AND NYLL CLAIMS

CONCLUSION .................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

Archie v. Grand Cent. P'ship, Inc.,
  997 F. Supp. 504 (S.D.N.Y. 1998) ............................................................... 9

Ashcroft v. Iqbal,
  129 S.Ct. 1937 (2009)........................................................................... 3, 5, 6, 7

Barfield v. N.Y. City Health and Hosps. Corp.,
  537 F.3d 132 (2d Cir. 2008) ...................................................................... 9

Bell Atlantic Corp. v. Twombly,
  127 S.Ct. 1955 (2007)........................................................................... 3, 5, 6, 7

Cohen v. Allied Steel Bldgs., Inc.,
  554 F. Supp. 2d 1331 (S.D. Fla. 2008) ...................................................... 7

Colson v. Avent, Inc.,
  2010 WL 339047 (D. Ariz. Jan. 27, 2010)................................................ 6, 7

Cortec Indus., Inc. v. Sum Holding L.P.,
  949 F.2d 42 (2d Cir. 1991) ......................................................................... 2

Hanig v. Yorktown Cent. Sch. Dist.,
  384 F. Supp. 2d 710 (S.D.N.Y. 2005) ....................................................... 2

Janus v. Regalis Const., Inc.,
  2012 WL 3878113 (E.D.N.Y. July 3, 2012), report and recommendation
  adopted, 2012 WL 3877963 (E.D.N.Y. Sept. 4, 2012) ............................... 4, 5

McLaughlin v. Richland Shoe Co.,
  486 U.S. 128 (1988)................................................................................ 3, 6

Mell v. GNC Corp., Inc.,
  2010 WL 4668966 (W.D. Pa. Nov. 9, 2010)................................................. 6

Nakahata v. New York-Prebyterian Healthcare Sys., Inc.,
  WL 321186 (S.D.N.Y. Jan. 28, 2011),
  aff'd in relevant part 723 F. 3d (2d Cir. 2013)........................................... 3-4

Ochoa v. Pearson Educ., Inc.,
  2012 WL 95340 (D.N.J. Jan. 12, 2012)...................................................... 5-6

Reich v. Parker Fire Protection Dist.,
  992 F. 2d 1023 (10th Cir. 1993) ............................................................... 9-10

Rodriguez v. Almighty Cleaning, Inc.,
    784 F. Supp. 2d 114 (E.D.N.Y. 2011) ................................................................ 4, 5

Rogers v. Schenkel,
    162 F.2d 596 (2d Cir. 1947) ................................................................................ 9

Ruggles v. Wellpoint Inc.,
    253 F.R.D. 61 (N.D.N.Y. 2008) ........................................................................ 4, 5

Sampson v. MediSys Health Network, Inc.,
    2012 WL 3027850 (E.D.N.Y. Feb. 9, 2012),
    adopted in relevant part, 2012 WL 3027838 (E.D.N.Y. July 24, 2012) ...................... 4

Solis v. Laurelbrook Sanitarium & Sch., Inc.,
    642 F.3d 518 (6th Cir. 2011) ............................................................................... 9

Walling v. Portland Terminal Co.,
    330 U.S. 148 (1947) ................................................................................ 1, 8, 9, 10

Yu G. Ke v. Saigon Grill, Inc.,
    595 F. Supp. 2d 240 (S.D.N.Y. 2008) ................................................................... 7

## STATUTES

New York Labor Law §§ 191, 193, 196 and 198 ....................................................... 1, 2

29 U.S.C. § 255(a) .................................................................................................. 3

## RULES

Fed. R. Civ. P. 9 ..................................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ....................................................................................... 6, 10

## PRELIMINARY STATEMENT

In Point III of his Opposition Brief, Plaintiff Christopher Marshall ("Plaintiff" or "Marshall") states that he has withdrawn "Any Claims for Overtime Compensation and Claims Under NYLL Sections 191, 193, and 198" thereby conceding that his conclusory allegations of such claims in his First Amended Complaint ("FAC") cannot survive UBS's motion.   Accordingly, those claims should be dismissed with prejudice, not merely "withdrawn."

In an effort to salvage his remaining claims which are also the subject of Defendant's motion, Plaintiff proffers two arguments, neither of which correctly states the law. First, Plaintiff's opposition misstates the law in that he claims (erroneously) he is not required to allege that he was offered or had any reasonable expectation of compensation for his brief stint as a volunteer intern during college.   This argument is contrary to the law which has been settled for more than 65 years since the Supreme Court ruled in Walling v. Portland Terminal Co., 330 U.S. 148 (1947).

Second, Plaintiff argues erroneously that pleading the legal conclusion that UBS willfully violated the FLSA and NYLL is sufficient. However, Plaintiff's bare allegations that UBS acted "willfully" fail as a matter of law insofar as they are not supported by any factual allegations.   Notably, Plaintiff tries to analogize the conclusory allegation of willfulness in his FAC to cases that contained numerous allegations of violations of federal and state Wage and Hour laws including of failures to pay overtime and unlawful deductions – some of the exact type of claims Plaintiff has "withdrawn" sub judice (and had no basis to allege in his FAC).

2427100_1

In short, application of governing law to the remaining conclusory allegations of the FAC warrants dismissal of Plaintiff's remaining claims that he is entitled to wages under the FLSA or NYLL.

## LEGAL ARGUMENT

### POINT I

#### ALL CLAIMS FOR OVERTIME COMPENSATION AND ALLEGED VIOLATIONS OF NYLL SECTIONS 191, 193 AND 198 SHOULD BE DISMISSED WITH PREJUDICE

Faced with UBS's motion to dismiss all claims for overtime compensation and alleged violations of NYLL Sections 191, 193 and 198, Plaintiff was unable to muster a meritorious opposition. Thus, in an apparent effort to avoid dismissal, Plaintiff now seeks to "withdraw" these claims without explanation. This request amounts to an admission of the untenable nature of Plaintiff's allegations.  As UBS has expended considerable effort and incurred expense in defending Plaintiff's meritless claims, including pursuing this motion to dismiss, those claims should be dismissed with prejudice. Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."); see also Hanig v. Yorktown Cent. Sch. Dist., 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) (plaintiff's failure to oppose dismissal of one claim in response to defendant's motion to dismiss complaint is to be treated as an abandonment of that claim warranting dismissal).

## POINT II

## PLAINTIFF HAS FAILED, AS A MATTER OF LAW, TO STATE A WILLFUL VIOLATION OF THE FLSA OR NYLL; THUS, ALL SUCH CLAIMS SHOULD BE DISMISSED

Plaintiff alleges, without any factual support, that Defendant willfully violated the FLSA and NYLL such that a three-year statute of limitations should apply and any alleged lost wages should be liquidated.   This is an issue on which Plaintiff indisputably bears the burden of proof. 29 U.S.C. § 255(a); McLaughlin v. Richland Shoe Co., 486 U.S. 128, 135 (1988) (placing the burden on "the [plaintiff] Secretary" to prove willfulness for statute-of-limitations purposes).  As detailed below, Plaintiff's suggestion that Rule 9(b) vitiates the plausibility standard established by Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) and Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007) is simply wrong.

In Iqbal, the Supreme Court held that conclusory allegations of willfulness are insufficient. 129 S.Ct. at 1954. In fact, Iqbal instructs that a plaintiff cannot simply toss the word "willful" or "intentional," or similar synonyms, into a complaint and expect to survive a motion to dismiss – rather, he must allege actual facts supporting such an accusation. Id. Although "conditions of a person's mind" may be alleged "generally" under Fed. R. Civ. P. 9, Plaintiff cannot "evade the less rigid – though still operative – strictures of Rule 8," which require that a Complaint set forth more than "the bare elements of [a] cause of action." Id.  Moreover, courts in this Circuit have held that as part of Plaintiff's burden, the Complaint must lay a "factual foundation for determining the viability of" an FLSA claim. Nakahata v. New York–Presbyterian Healthcare Sys., Inc., 10 CIV. 2661 PAC, 2011 WL 321186 (S.D.N.Y. Jan. 28, 2011) aff'd in relevant part

723 F.3d 192 (2d Cir. 2013).  As Plaintiff alleges no such facts here, his remaining claims should be dismissed.

Specifically, the FAC is devoid of any facts which, if credited, would support a finding of willfulness sufficient to extend the statute of limitations from two to three years.  Rather, in an attempt to support his claim that Defendant's conduct was willful, as illustrated below, Plaintiff merely injects the word "willful" or similar adjectives into his otherwise insufficient, conclusory allegation:

> Defendants' unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the putative class.

(FAC ¶ 31). Such a conclusory allegation, devoid of facts, is insufficient under Iqbal.

Plaintiff's reliance on inapposite case law does not compel a contrary conclusion. In fact, of the seven (7) cases cited by Plaintiff in support of the contention that simply injecting the word "willful" into a complaint is sufficient to state a claim, only four (4) address FLSA claims: (1) Ruggles v. Wellpoint, Inc., 253 F.R.D. 61 (N.D.N.Y. 2008); (2) Sampson v. MediSys Health Network, Inc., No. 10 Civ. 1342(SJF)(ARL), 2012 WL 3027850 (E.D.N.Y. Feb. 9, 2012), adopted in relevant part, 2012 WL 3027838 (E.D.N.Y. July 24, 2012); (3) Janus v. Regalis Const., Inc., 11-CV-5788 ARR VVP, 2012 WL 3878113 (E.D.N.Y. July 23, 2012) report and recommendation adopted, 11-CV-5788 ARR, 2012 WL 3877963 (E.D.N.Y. Sept. 4, 2012); and (4) Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114 (E.D.N.Y. 2011).  Critically, however, each of these decisions involved allegations of willfulness that are factually specific unlike the conclusory allegation of willfulness which Plaintiff relies upon in this case.

For example, in Ruggles, the plaintiffs alleged, inter alia, that

> [b]y failing to record, report, and/or preserve records of hours
> worked by Named Plaintiffs, and the Nationwide FLSA Collective
> Class, Defendant has failed to make, keep, and preserve records
> with respect to each of its employees sufficient to determine their
> wages, hours, and other conditions and practice of employment, in
> violation of the FLSA . . . .

(Complaint ¶ 35, <u>Ruggles, et al. v. Wellpoint, Inc.</u>, 08-CV-00201 (February 21, 2008)).

In finding plaintiffs' allegations of willfulness sufficient to state a claim, the Court in

<u>Ruggles</u> held that that plaintiffs' "factual assertion concerning the defendant's record

keeping" supported the claim that defendant's conduct was willful and thus was

sufficient to maintain the claim that defendant willfully violated the FLSA. 253 F.R.D. at

68.  Similarly, each of the other FLSA cases cited by Plaintiff – at a <u>minimum</u> - involved

specific factual allegations of, <u>inter alia</u>, intentional record keeping violations in support

of the conclusion that the respective defendants willfully violated the FLSA: <u>see   Janus</u>

<u>v. Regalis Construction, Inc., et al.</u>, 11-CV-5788 (November 29, 2011)[1] (Complaint at ¶

40); <u>Rodriguez v. Almighty Cleaning, Inc.</u>, 09-CV-02997(JK)(AKT) (July 14, 2009)

(Complaint at ¶ 89); <u>Sampson v. Medisys Health Network, Inc.</u>, 10–CV–1342

(SJF)(ARL) (June 16, 2010) (Amended Complaint at ¶¶ 102, 195).

      In stark contrast to the specific factual allegations of willful conduct in the

aforementioned cases, Marshall merely injects the words "willful" and

"deliberate" into a handful of conclusory statements. (<u>See</u> FAC ¶¶ 7, 21, 31 and 44).

These unsupported conclusions are more akin to those that District Courts around the

country have found insufficient under the <u>Iqbal</u> and <u>Twombly</u> plausibility standard to

state a claim of willfulness under the FLSA.  For example, in <u>Ochoa v. Pearson Educ.</u>,

---

[1] In both <u>Janus v. Regalis Construction, Inc.</u>, <u>supra</u>, 2012 WL 3878113 at *6 and <u>Rodriguez</u>, <u>supra</u>, 784 F. Supp. 2d at 125, the respective defendants did not respond to the plaintiffs' allegations and thus did not contest the sufficiency of plaintiffs' allegations of willfulness.

Inc., 11-cv-1382, 2012 WL 95340 (D.N.J. Jan. 12, 2012), the Court granted the defendant's motion to dismiss an FLSA complaint because the plaintiff, among other things, failed to plead willfulness with sufficient facts to justify the three year period pursuant to Rule 12(b)(6). The Ochoa court also found that, "[t]o warrant application of the three year statute of limitations, Plaintiff would have to show that Defendant 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" Id. at *5 (quoting Richland Shoe, 486 U.S. at 130). The Court further held that, "[t]o satisfy the Iqbal pleading requirements, 'it is insufficient to merely assert that the employer's conduct was willful; the Court must look at the underlying factual allegations in the complaint to see if they could support more than an ordinary FLSA violation[.]'" Id. (quoting Mell v. GNC Corp., No. 10-945, 2010 WL 4668966 at *8 (W.D. Pa. Nov. 9, 2010) (finding "no factual allegations which would support a claim that the violations were willful, for example, reports of complaints to supervisors about having to work off the clock which were rebuffed or ignored.")). In granting defendant's motion to dismiss plaintiff's allegations of a willful violation, the District Court in Ochoa held that the allegations of the Complaint "d[id] not rise significantly above legal conclusions" and thus concluded that "the facts alleged in Plaintiff's Complaint [were] insufficient to support a finding of willful violations of the FLSA." Id. (citations omitted).

Likewise, in Colson v. Avnet, Inc., 2010 WL 339047 (D. Ariz. Jan. 27, 2010), the court, applying Twombly and Iqbal, concluded that bare allegations of willfulness were insufficient to extend the statute of limitations on an FLSA claim from two years to three. The complaint stated that the defendant's alleged violation of the FLSA was willful. In

granting the defendant's motion to dismiss, the Court noted that although the complaint alleged that:

> Defendant has not made a good faith effort to comply with the FLSA, . . . even under the most narrow and restrictive reading of Twombly and Iqbal, Plaintiff has failed to state a plausible claim that Defendant acted with a mental state reflecting willfulness.

Id. at *6; see also Cohen v. Allied Steel Bldgs., Inc., 554 F. Supp. 2d 1331, 1335 (S.D. Fla. 2008) (FLSA plaintiff failed to allege facts sufficient to warrant application of three year statute of limitations applicable to willful violations where only references to any alleged willful violations were a conclusory allegation of willfulness without any supporting facts).

The bare allegations of willfulness found inadequate in Ochoa, Colson and Cohen parallel the legal conclusions asserted in Plaintiff's FAC, which does not contain any factual allegations suggesting willfulness. Indeed, the FAC contains no more than mere "'naked assertion[s]' devoid of 'further factual enhancement,'" which the Iqbal Court expressly found to be insufficient to state a claim. Iqbal, 129 S. Ct. at 1949 (citations omitted).

Finally, as Plaintiff concedes, the applicable test for willfulness in the NYLL context parallels that employed in determining willfulness for limitations purposes under the FLSA. See Plaintiff's Opposition Brief, p. 16; Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 261 (S.D.N.Y. 2008). Thus, for the same reasons noted above, Plaintiff's failure to plead any factual allegation of willfulness under NYLL requires dismissal of any claim for liquidated damages based upon an alleged violation prior to November 24, 2009. See UBS's Moving Brief, p. 15, fn. 8.

<u>POINT III</u>

**PLAINTIFF'S FAILURE TO PLEAD THAT HE HAD AN EXPECTATION OF COMPENSATION DURING HIS COLLEGE INTERNSHIP AT UBS WARRANTS DISMISSAL OF HIS REMAINING FLSA AND NYLL CLAIMS**

Plaintiff – who admittedly only interned at UBS for three months while a full-time college student (FAC ¶ 10) – contends he need not allege that he had any expectation of compensation in order to state a claim under the FLSA or NYLL that he was an employee of UBS rather than an unpaid intern.  In support of this novel argument, Plaintiff suggests that the U.S. Department of Labor's Fact Sheet # 71 ("DOL Fact Sheet") essentially overrules the Supreme Court decision in <u>Walling v. Portland Terminal Co.</u>, 330 U.S. 148, 152-53 (1947) and its progeny.  <u>Walling</u> is still the controlling law, and instructs that in order to establish an employment relationship and be deemed an employee with standing under the FLSA and NYLL, Plaintiff must plead and ultimately prove he had a reasonable expectation of compensation:

> But, broad as [the FLSA's definitions of 'employ' and 'employee'] are, <u>they cannot be interpreted so as to make a person whose work serves only his own interest an employee of another person who gives him aid and instruction.</u> Had these trainees taken courses in railroading in a public or private vocational school, wholly disassociated from the railroad, it could not reasonably be suggested that they were employees of the school within the meaning of the Act. Nor could they, in that situation, have considered as employees of the railroad merely because the school's graduates would constitute a labor pool from which the railroad could later draw its employees. The Fair Labor Standards Act was not intended to penalize railroads for providing, free of charge, the same kind of instruction at a place and in a manner which would most greatly benefit the trainees.

Id. (emphasis and explanatory material added).  Plaintiff's failure (indeed inability) to plead any such reasonable expectation of compensation during his brief internship at UBS warrants dismissal of his remaining FLSA and NYLL claims.

As the Second Circuit recognized in Rogers v. Schenkel, 162 F.2d 596, 598 (2d Cir. 1947), Walling's holding did not turn on the specific facts before it.  Rather, the Supreme Court in Walling concluded that the purpose of the FLSA "'as to wages was to insure that every person whose employment contemplated compensation should not be compelled to sell his services for less than the prescribed minimum wage.'" Id. at 598 n.1. (person who volunteered service without an expectation of compensation could not later claim employee status under the FLSA and entitlement to wages) (quoting Walling, 330 U.S. at 152); see also Archie v. Grand Cent. P'ship, Inc., 997 F. Supp. 504, 533 (S.D.N.Y. 1998) (expectation of compensation is an "important element[]" in determining employment status).

Moreover, Plaintiff's opposition gains no strength from informal guidance in the DOL's Fact Sheet.  The agency's views expressed in these informal comments do not have the status of regulations, and are not binding. See, e.g., Barfield v. N.Y. City Health and Hosps. Corp., 537 F.3d 132, 149 (2d Cir. 2008) ("[s]tatutory interpretations contained in DOL opinion letters" which do not stem from "formal agency adjudication or notice-and-comment rulemaking, are not binding authority.") (citations omitted). Courts consistently have found the DOL Fact Sheet as to volunteers and other unpaid workers to be wanting and, therefore, have rejected the DOL's inflexible approach. See, e.g., Solis v. Laurelbrook Sanitarium & Sch., Inc., 642 F.3d 518, 525 (6th Cir. 2011); Reich v.

Parker Fire Protection Dist., 992 F. 2d 1023, 1026-27 (10th Cir. 1993). Clearly, Walling and its progeny, not the Fact Sheet, are dispositive here.

In sum, as Plaintiff fails to plead the necessary factual allegation that he expected compensation for participating in an internship at UBS while attending college, all Causes of Action in the FAC fail as a matter of law and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For all the foregoing reasons as well as those set forth in its moving papers, UBS respectfully submits that the Court should dismiss Plaintiff's First Amended Complaint with prejudice.

Respectfully submitted,

McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Attorneys for Defendant
UBS Financial Services Inc.

By: J. Michael Riordan

Dated:  October 20, 2014