UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────

CHRISTOPHER MARSHALL, for and on
behalf of all others similarly
situated who were employed by UBS          14 Cv. 4384 (JGK)
FINANCIAL SERVICES, INC., and/or any
other entities affiliated with or          MEMORANDUM OPINION AND
controlled by UBS FINANCIAL                ORDER
SERVICES, INC.,
                         Plaintiff,

            - against -

UBS FINANCIAL SERVICES, INC., and/or
any other entities affiliated with
or controlled by UBS FINANCIAL
SERVICES, INC.,


                         Defendants.
────────────────────────────────

JOHN G. KOELTL, District Judge:

       The plaintiff, Christopher Marshall ("Marshall"), on behalf

of all those similarly situated, brings this action against the

defendant, UBS Financial Services, Inc. ("UBS"), pursuant to the

Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 et seq., and

the New York Labor Law ("NYLL") §§ 190 et seq. & 650 et seq.,

claiming a violation of his right to receive a minimum wage. The

plaintiff alleges that he worked for the defendant as an unpaid

intern and is entitled to compensation for this work. The

plaintiff seeks damages in the amount of unpaid wages, interest,

and attorney's fees.

       The defendant moves this Court to dismiss the plaintiff's

Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure for failure to state a claim upon which relief can be granted.

The Court has federal question jurisdiction under the FLSA and supplemental jurisdiction under 28 U.S.C. § 1367 for the NYLL claims. For the following reasons, the defendant's motion to dismiss is **denied in part and granted in part.**

**I.**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the allegations in the complaint as true, and draws all reasonable inferences in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff alleges "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations

2

contained in the complaint is inapplicable to legal conclusions." Id. See Chen v. Major League Baseball, 6 F. Supp. 3d 449, 452 (S.D.N.Y. 2014).

II.

The following allegations are accepted as true for the purposes of this motion.

The plaintiff served as an unpaid intern at one of the defendant's branches between September and December, 2012, working between four and five hours per day, two days per week. Am. Compl. ¶¶ 10, 35. During this time, the plaintiff performed tasks "necessary to the operation and maintenance" of the defendant's business, "such as updating spreadsheets and cold-calling potential customers." Id. ¶ 34. The plaintiff claims that the defendant would have hired additional employees or required existing staff to work additional hours absent the plaintiff's contributions. Id. ¶¶ 27, 28. The plaintiff did not receive academic or vocational training from the defendant, and alleges that the defendant deliberately withheld wages "pursuant to a corporate policy or practice of minimizing labor costs." Id. ¶¶ 29, 30.

On June 17, 2014, the plaintiff filed this lawsuit. On June 19, the plaintiff amended his Complaint, adding class action allegations. On September 8, 2014, the defendant moved to dismiss the Amended Complaint. On October 6, 2014, the plaintiff

opposed the defendant's motion, but withdrew his claims for overtime wages, untimely payment pursuant to NYLL § 191, and unlawful deductions pursuant to NYLL § 193.

### III.

The defendant argues that the Amended Complaint should be dismissed because the plaintiff has failed to allege the existence of an employment relationship between the plaintiff and the defendant.  The defendant also argues that the plaintiff has not alleged willful misconduct, and therefore, the plaintiff should not be able to recover damages within the FLSA's extended statute of limitations period or recover liquidated damages for violations of the NYLL that transpired prior to November 24, 2009. Finally, the defendant asks the Court to dismiss the plaintiff's withdrawn claims with prejudice.

### A.

The defendant argues that an individual can only be an "employee" under the FLSA or the NYLL if he expects compensation for work performed for his employer.

The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e). The word "employ" "includes to suffer or permit to work." 29 U.S.C. § 203(g). NYLL defines "employee" as "any individual employed or permitted to work by an employer []." NYLL § 651(5). Courts within the Second Circuit have considered the FLSA and NYLL definitions of employee

4

functionally equivalent. <u>See</u> <u>Cano v. DPNY, Inc.</u>, 287 F.R.D. 251, 260 n.2 (S.D.N.Y. 2012).

In <u>Walling v. Portland Terminal Co.</u>, the Supreme Court held that unpaid railroad trainees were not "employees" within the meaning of the FLSA because, according to unchallenged findings in the lower courts, "the railroads received no immediate advantage from any work done by the trainees." 330 U.S. 148, 153 (1947) (internal quotation marks omitted). The Supreme Court explained:

> The definition 'suffer or permit to work' [in the FLSA] was obviously not intended to stamp all persons as employees who, without any express or implied compensation agreement, might work for their own advantage on the premises of another. . . . [S]uch a construction would sweep under the Act each person who, without promise or expectation of compensation, but solely for his personal purpose or pleasure, worked in activities carried on by other persons either for their pleasure or profit.

<u>Walling</u>, 330 U.S. at 152.

In that passage, relied upon by the defendant, the Supreme Court reasoned that the FLSA was not intended to require payment to *all* persons who worked for an employer, even those who did not expect compensation for their contributions. <u>Id.</u> However, the Court did not hold that a worker must have an expectation of compensation in order to be an "employee" within the meaning of the FLSA. The Court did not conclude that an "expectation of

compensation" was required for the existence of an employment relationship. Otherwise, the FLSA could be circumvented by the simple agreement between an employer and an employee that the employee would not be paid.

In Tony & Susan Alamo Found. v. Sec'y of Labor, the Supreme Court explained its earlier decision in Walling, noting that in Walling, the "trainees' employment did not 'contemplate . . . compensation,'" *and* the employer received "no immediate advantage from any work done by the trainees []." Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 300 (1985) (quoting Walling, 330 U.S. at 153).  Because of these two reasons, and given the "economic reality" of the employee-employer relationship, the railroad trainees in Walling were not "employees" under the FLSA. Id. at 301. While an expectation of compensation is not necessary for employee status, it is "a factor in favor of finding an employment relationship." See Velez v. Sanchez, 693 F.3d 308, 330 (2d Cir. 2012).

Workers cannot choose whether to be covered under the FLSA, and thus, a worker's expectations cannot determine eligibility for wage protection. Even if a worker "vehemently protest[ed]" protection under the FLSA, an employer would still be obligated to comply with its statutory obligations. Alamo, 471 U.S. at 302 ("If an exception to the Act were carved out for employees willing to testify that they performed work 'voluntarily,'

6

employers might be able to use superior bargaining power to coerce employees to make such assertions, or to waive their protections under the Act.").

Most recently, the Court of Appeals for the Second Circuit held that the determination of whether an unpaid intern is an "employee" depends on "whether the intern or the employer is the primary beneficiary of the relationship." Glatt v. Fox Searchlight Pictures, Inc., No. 13-4478-cv, 2015 WL 4033018, at *6 (2d Cir. July 2, 2015). The answer to that question depends on a non-exhaustive set of considerations including: "The extent to which the intern and the employer clearly understood that there is no expectation of compensation. Any promise of compensation, express or implied, suggests that the intern is an employee—and vice versa." Id. Plainly, the fact that an unpaid intern does not expect to be paid does not foreclose the intern from being an employee and entitled to be paid. It is simply one factor to be taken into account in determining whether the intern is in fact an employee under the FLSA and the NYLL.

In the Second Circuit, district courts have found that "complaints sufficiently allege employment when they state where the plaintiffs worked, outline [the plaintiffs'] positions, and provide [the plaintiffs'] dates of employment." Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 91 (2d Cir. 2013), cert. denied, 134 S. Ct. 918 (2014).

Although the plaintiff does not allege that he expected compensation from his internship with the defendant, the plaintiff does state where he worked, describes his position, and provides the dates of his employment. Am. Compl. ¶¶ 10, 34. Thus, the Amended Complaint sufficiently states the existence of an employment relationship under the FLSA and the NYLL.

**B.**

The defendant argues the Amended Complaint does not allege willful violations of the FLSA and NYLL.

The statute of limitations for wage claims under the FLSA extends from two years to three years for willful violations. 29 U.S.C. § 255(a). The statute of limitations for a violation of the NYLL is six years. NYLL § 198(3). However, a plaintiff can only recover liquidated damages for violations of the NYLL that transpired prior to November 24, 2009 if the defendant's violation was willful. Chenensky v. New York Life Ins. Co., Nos. 07cv11504, 09cv3210 2012 WL 234374, at *2-3 (S.D.N.Y. Jan. 10, 2012) (citing NYLL § 198(1-a)).

To state a claim for a willful violation of the FLSA, the complaint must allege more than an ordinary violation. Gorey v. Manheim Servs. Corp., 788 F. Supp. 2d 200, 209 (S.D.N.Y. 2011). A "willful" violation means that "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Frasier v. Gen. Elec. Co., 930 F.2d

8

1004, 1008 (2d Cir. 1991) (internal quotation marks omitted).
The NYLL's and FLSA's willfulness standards "do[] not
appreciably differ." Kuebel v. Black & Decker Inc., 643 F.3d
352, 366 (2d Cir. 2011).  Because "willfulness" is a "condition
of the mind," Federal Rule of Civil Procedure 9(b) governs its
pleading requirements.  Rule 9(b) states: "Malice, intent,
knowledge, and other conditions of a person's mind may be
alleged generally."

District courts have found that a plaintiff has stated a
claim for a willful violation if the complaint alleges a willful
violation and the existence of a policy or practice consistent
with willful conduct. In Rodriguez v. Almighty Cleaning, Inc.,
for example, the Court held that the plaintiff stated a claim
for a willful violation when the complaint alleged that the
defendants "willfully failed to pay" minimum wages and detailed
the hours worked. 784 F. Supp. 2d 114, 121-22 (E.D.N.Y. 2011)
(Magistrate Judge's Report and Recommendation adopted by the
District Court).  Similarly, in Janus v. Regalis Const., Inc.,
the Court held that the complaint stated a claim for a willful
violation when it alleged that the defendants were aware of
their minimum compensation obligations under the FLSA and the
NYLL, but had a policy of underpaying employees. No. 11cv5788,
2012 WL 3878113, at *6 (E.D.N.Y. July 23, 2012), report and
recommendation adopted, 2012 WL 3877963 (E.D.N.Y. Sept. 4,

9

2012); cf. Ochoa v. Pearson Educ., Inc., No. 11cv1382, 2012 WL
95340, at *3 (D.N.J. Jan. 12, 2012) (finding the complaint
failed to plead a willful violation when it alleged that
"Defendant had no good faith basis for believing that [its] pay
practices . . . were in compliance with the law," and that this
conduct constituted a willful violation).

In his Amended Complaint, the plaintiff alleges that the

defendant did not pay overtime wages, did not make timely
Here, the Amended Complaint alleges that the
"[d]efendant['s] unlawful conduct has been pursuant to a
corporate policy or practice of minimizing labor costs by
denying [the plaintiff] . . . wages in violation of the FLSA and
NYLL," and that the "[d]efendant['s] unlawful conduct . . . has
been intentional, willful, and in bad faith []." Am. Compl. ¶¶
30, 31. The Amended Complaint alleges both that the defendant
had a corporate policy of perpetrating wage violations, details
what the policy was, and alleges that the defendant's violations
were willful. These allegations meet the threshold for pleading
a willful violation.

### c.

In his Amended Complaint, the plaintiff alleges that the
defendant did not pay overtime wages, did not make timely
payment pursuant to NYLL § 191, and made unlawful deductions
pursuant to NYLL § 193. The plaintiff also alleges that the
defendant violated NYLL § 198. Section 198 sets forth a remedial
scheme for recovering benefits owed by some other provision of

the NYLL, but does not create obligations giving rise to an independent cause of action. See Sosnowy v. A. Perri Farms, Inc., 764 F. Supp. 2d 457, 476 (E.D.N.Y. 2011). The plaintiff, in his opposition brief, seeks to withdraw these claims, and the defendant asks the Court to dismiss them with prejudice.

At the argument of the current motion to dismiss, the plaintiff conceded that there is no independent claim for a violation of NYLL § 198 and that the claim should be dismissed with prejudice. The plaintiff also conceded that he had no personal claims for overtime compensation or for violation of NYLL §§ 191 and 193, but that he did not want to foreclose the possibility of such claims for others. The plaintiff therefore agreed that these claims should be dismissed with prejudice against the plaintiff.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, they are either moot or without merit. The plaintiff's claims for overtime compensation and for untimely payment under NYLL § 191, and for unlawful deductions under NYLL § 193 are dismissed with prejudice against the plaintiff. The plaintiff's claim for relief pursuant to NYLL § 198 is dismissed with prejudice. The defendant's motion to dismiss is otherwise denied. The defendant's time to answer the amended complaint is extended to **July 21, 2015.  The Clerk is directed to close Docket No. 16.**

**SO ORDERED.**

**Dated:     New York, New York**
**           July 6, 2015**

                         _____/s/_____
                              **John G. Koeltl**
                         **United States District Judge**