UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER MARSHALL, for and on behalf of all others similarly situated who were employed by UBS FINANCIAL SERVICES, INC., and/or any other entities affiliated with or controlled by UBS FINANCIAL SERVICES, INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>UBS FINANCIAL SERVICES, INC., and/or any other entities affiliated with or controlled by UBS FINANCIAL SERVICES, INC.,<br><br>                    Defendant. | Case No. 14 cv 4384 (JGK)<br><br><br>**DEFENDANT'S       ANSWER       AND SEPARATE DEFENSES TO FIRST AMENDED COMPLAINT** |

Defendant UBS Financial Services, Inc. ("UBSFS"), the only specifically named Defendant, by and through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of Answer to the First Amended Complaint filed on behalf of Plaintiff, Christopher Marshall, alleges and says:

**ANSWER TO PLAINTIFF'S ALLEGATIONS OF "PRELIMINARY STATEMENT"**

1.      Certain of the allegations in Paragraph 1 state legal conclusions to which no answer is required.  To the extent a response is required, Defendant admits that Plaintiff purports to bring this Complaint under the Fair Labor and Standards Act ("FLSA") and New York Labor Law ("NYLL") as described in Paragraph 1 and that his claims pursuant to NYLL §§ 191, 193 and 198 were dismissed pursuant to Judge Koeltl's Order dated July 6, 2015 (Docket Entry No. 32).  Defendant denies that Plaintiff can state a claim as to any remaining Counts of the First Amended Complaint or that he

is similarly situated to other individuals and denies this case can proceed as a class or collective action.

2.    Denied.

3.    Denied.

4.    Denied.

5.    The allegations in Paragraph 5 state legal conclusions to which no response is required.   To the extent any response is required by Defendant, those allegations are denied.

### ANSWER TO PLAINTIFF'S ALLEGATIONS OF "JURISDICTION"

6.    The allegations in Paragraph 6 state legal conclusions to which no response is required.   To the extent any response is required by Defendant, those allegations are denied.

7.    The allegations in Paragraph 7 state legal conclusions to which no response is required.   To the extent any response is required by Defendant, those allegations are denied.

8.    The allegations in Paragraph 8 state legal conclusions to which no response is required.   To the extent any response is required by Defendant, those allegations are denied.

### ANSWER TO PLAINTIFF'S ALLEGATIONS OF "VENUE"

9.    The allegations in Paragraph 9 are legal conclusions to which no response is required.  To the extent any response is required by Defendant, those allegations are denied.

**ANSWER TO PLAINTIFF'S ALLEGATIONS OF "THE PARTIES"**

10.     Answering the allegations of Paragraph 10 thereof, Defendant lacks sufficient knowledge or information as to Plaintiff's residence and, therefore, denies that allegation and denies the remaining allegations of Paragraph 10.

11.     Denied.

12.     Defendant admits that it is a corporation of the State of Delaware with its principal place of business located in the state of New Jersey and has offices located at 1000 Harbor Boulevard, Weehawken, New Jersey in Hudson County.   Defendant further admits it is in the financial services industry.   Except as herein expressly answered, the remaining allegations of Paragraph 12 are denied.

13.     The allegations in Paragraph 13 state legal conclusions to which no response is required.   To the extent any response is required by Defendant, those allegations are denied.

14.     Answering the allegations in Paragraph 14, Defendant admits that its annual total revenues exceed $500,000. To the extent there are any remaining allegations in Paragraph 14, they are denied.

**ANSWER TO PLAINTIFF'S ALLEGATIONS OF "CLASS ALLEGATIONS"**

15.     Defendant repeats and reincorporates its answers to the preceding Paragraphs of the First Amended Complaint as though fully set forth herein at length.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

**ANSWER TO PLAINTIFF'S ALLEGATIONS OF "FACTS"**

25.     Denied.

26.     Defendant admits that from approximately September 2012 until December 2012, Plaintiff was not entitled to receive and was not paid wages.  Except as herein expressly answered, the remaining allegations of Paragraph 26 are denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Defendant admits that from approximately September 2012 until December 2012, Plaintiff was not entitled to receive and was not paid wages.  Except as herein expressly answered, the remaining allegations of Paragraph 36 are denied.

## ANSWER TO PLAINTIFF'S FIRST CAUSE OF ACTION:
## "FLSA MINIMUM WAGE COMPENSATION"

37.    Defendant repeats and reincorporates its answers to the preceding Paragraphs of the First Amended Complaint as though fully set forth herein at length.

38.    The allegations in Paragraph 38 state legal conclusions to which no response is required.   To the extent any response is required by Defendant, those allegations are denied.

39.    The allegations in Paragraph 39 state legal conclusions to which no response is required.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

## ANSWER TO PLAINTIFF'S SECOND CAUSE OF ACTION:
## "NEW YORK MINIMUM WAGE COMPENSATION"

46.    Defendant repeats and reincorporates its answers to the preceding Paragraphs of the First Amended Complaint as though fully set forth herein at length.

47.    The allegations in Paragraph 47 state legal conclusions to which no response is required.

48.    The allegations in Paragraph 48 state legal conclusions to which no response is required.

49.     The allegations in Paragraph 49 state legal conclusions to which no response is required.

50.     The allegations in Paragraph 50 state legal conclusions to which no response is required.

51.     The allegations in Paragraph 51 state legal conclusions to which no response is required.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

## ANSWER TO PLAINTIFF'S THIRD CAUSE OF ACTION: "NEW YORK FAILURE TO PAY WAGES"

57.     Defendant repeats and reincorporates its answers to the preceding Paragraphs of the First Amended Complaint as though fully set forth herein at length.

58.     The allegations in Paragraph 58 state legal conclusions to which no response is required.  To the extent any response is required by Defendant, those allegations are denied.

59.     The allegations in Paragraph 59 state legal conclusions to which no response is required.

60.     The allegations in Paragraph 60 state legal conclusions to which no response is required.  Moreover, the named Plaintiff's allegations based upon New York Labor Law §§ 191, 193 and 198 have been dismissed pursuant to Judge Koeltl's July 6, 2015 Order.

61.     The allegations in Paragraph 61 state legal conclusions to which no response is required.  Moreover, the named Plaintiff's allegations based upon New York Labor Law §§ 191, 193 and 198 have been dismissed.

62.     The allegations in Paragraph 62 state legal conclusions to which no response is required.  Moreover, the named Plaintiff's allegations based upon New York Labor Law §§ 191, 193 and 198 have been dismissed.

63.     Denied.  Moreover, the named Plaintiff's allegations based upon New York Labor Law §§ 191, 193 and 198 have been dismissed.

64.     Denied.  Moreover, the named Plaintiff's allegations based upon New York Labor Law §§ 191, 193 and 198 have been dismissed.

65.     Denied.  Moreover, the named Plaintiff's allegations based upon New York Labor Law §§ 191, 193 and 198 have been dismissed.

66.     Denied.  Moreover, the named Plaintiff's allegations based upon New York Labor Law §§ 191, 193 and 198 have been dismissed.

67.     Denied.  Moreover, the named Plaintiff's allegations based upon New York Labor Law §§ 191, 193 and 198 have been dismissed.

68.     Denied.  Moreover, the named Plaintiff's allegations based upon New York Labor Law §§ 191, 193 and 198 have been dismissed.

69.     Denied.  Moreover, the named Plaintiff's allegations based upon New York Labor Law §§ 191, 193 and 198 have been dismissed.

70.     Denied.  Moreover, the named Plaintiff's allegations based upon New York Labor Law §§ 191, 193 and 198 have been dismissed.

## GENERAL DENIAL

Defendant denies each and every allegation of the First Amended Complaint that is not specifically admitted herein.

WHEREFORE, Defendant UBS Financial Services, Inc. demands judgment dismissing Plaintiff's First Amended Complaint with prejudice and awarding Defendant its attorneys' fees and costs of suit as well as such other relief as the Court deems just.

## SEPARATE DEFENSES

As and for separate defenses to the First Amended Complaint, and without conceding the Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges the following specific defenses.  Defendant reserves the right to amend this Answer and to assert additional defenses and/or supplement, alter, or change its Answer and Defenses upon completion of appropriate investigation and discovery.

## FIRST SEPARATE DEFENSE

The First Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

Plaintiff's claims, and those of any members of the putative class or collective he purports to represent, are barred because, inter alia, Plaintiff and those individuals are not "employees" within the meaning of the FLSA or the NYLL.

### THIRD SEPARATE DEFENSE

The First Amended Complaint and each and every Count thereof are barred in whole or in part by the applicable statutes of limitations including those set forth in or governing claims based upon the FLSA and NYLL.

### FOURTH SEPARATE DEFENSE

If Defendant is found to have failed to pay Plaintiff and any putative member of a class/collective whom he purports to represent any wages owed, which Defendant expressly denies, Defendant nevertheless acted at all times on the basis of a good faith and reasonable belief that they had complied fully with all applicable laws and had no actual or constructive notice of any violation.

### FIFTH SEPARATE DEFENSE

Plaintiff's claims, and those of any members of a putative class or collective he purports to represent, must be dismissed because they suffered no damages as a result of any action or inaction by Defendant.

### SIXTH SEPARATE DEFENSE

Upon information and belief, the causes of action and/or relief sought in the First Amended Complaint may be barred and/or precluded, in whole or in part, by virtue of the doctrines of consent, estoppel, judicial estoppel, laches and/or ratification.

### SEVENTH SEPARATE DEFENSE

This action may not be maintained as a class action because it fails to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## EIGHTH SEPARATE DEFENSE

To the extent it is determined that there is or was any employment relationship between (i) either Plaintiff or any member of a putative collective action or class action; and (ii) Defendant, maintenance of a Rule 23 "opt out" action is the same proceeding as an "opt in" action pursuant to 29 U.S.C. § 216(b) violates the Rules Enabling Act, 28 U.S.C. §§ 2071, et. seq.  Accordingly, this Court should dismiss Plaintiff's Rule 23 class action allegations with prejudice and allow Plaintiff to assert his wage and hour claims under the NYLL and its regulations on individual bases in this action.

## NINTH SEPARATE DEFENSE

The First Amended Complaint fails to state facts sufficient to certify a class action pursuant to Federal Rule of Civil Procedure 23 and the requirements of that Rule cannot be satisfied because, inter alia, the putative class is inadequately defined and, therefore, not ascertainable; the putative class members are not so numerous that joinder of all members is impracticable; Plaintiff's claims are not typical of the members of the class Plaintiff purports to represent;  Plaintiff will not fairly and adequately protect the interests of the class;   Plaintiff's interests conflict with that of putative class members; common questions of law and/or fact do not predominate; Plaintiff and the putative Rule 23 class and putative FLSA collective members cannot satisfy the adequacy of representation requirement; because a class action is not the superior method for adjudicating this dispute; and because there is no cohesiveness; accordingly, this action is not properly brought as a class action.

## TENTH SEPARATE DEFENSE

This action may not be maintained as a collective action because it fails to satisfy the requirements of Section 216(b) of the FLSA.

## ELEVENTH SEPARATE DEFENSE

Plaintiff is not entitled to certification of this action as a collective action pursuant to Section 216(b) of the FLSA because, inter alia, Plaintiff and the purported collective members he seeks to represent are not similarly situated to one another, Plaintiff and the putative collective members' claims require individualized inquiries, and/or proof of damages would require separate trials.

## TWELFTH SEPARATE DEFENSE

Upon information and belief, Plaintiff is an inadequate and atypical representative of the class or collective he purports to represent and his interests are in conflict with those of the individuals he seeks to represent.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims to minimum wage payments, and those of the members of a putative class or collective whom he purports to represent, are barred, in whole or in part by the provisions of 29 U.S.C. §206(g) and 29 C.F.R. §786.300.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims, and those of the members of a putative class or collective whom he purports to represent, are barred in whole or in part because they received the primary benefit from the purported activity on which Plaintiff and any putative class/collective members' claims are based.

## FIFTEENTH SEPARATE DEFENSE

Plaintiff, any opt-ins, as well as the putative Rule 23 class and putative FLSA collective members, are not entitled to an award of counsel fees and costs.

## SIXTEENTH SEPARATE DEFENSE

If Defendant's alleged failure to pay requisite wages was unlawful, although such is not admitted, none of Defendant's acts or omissions constituted a willful violation of the FLSA or NYLL.

## SEVENTEENTH SEPARATE DEFENSE

If this Court were to certify this action as a class action, any award of liquidated, multiple, or punitive damages would deny Defendant due process of law.

## EIGHTEENTH SEPARATE DEFENSE

To the extent Plaintiff and members of a putative class or collective whom he purports to represent suffered injury, which Defendant expressly denies, subject to proof through discovery, any such injury is the result of acts or omissions of such individuals, and not any act or omission of Defendant.

## NINETEENTH SEPARATE DEFENSE

Plaintiff's NYLL claim, and those of any members of a putative class or collective he purports to represent, are barred for lack of supplemental jurisdiction.

## TWENTIETH SEPARATE DEFENSE

Plaintiff's claims, and those of the members of a putative class or collective whom he purports to represent, are barred, in whole or in part, because the activities they were engaged in were non-compensable.

## TWENTY-FIRST SEPARATE DEFENSE

Plaintiff, the opt-ins, as well as the putative Rule 23 class and putative FLSA collective members, are not entitled to an award of liquidated damages as Defendant did not engage in any unlawful conduct under the FLSA or NYLL let alone a willful violation.

## TWENTY-SECOND SEPARATE DEFENSE

Defendant has not violated the FLSA or NYLL in any way to deprive Plaintiff, the opt-ins, the putative Rule 23 class and putative FLSA collective members any right or entitlement to wages.

## TWENTY-THIRD SEPARATE DEFENSE

Individual issues preclude the adjudication of the alleged claims on a collective or class action basis.

## TWENTY-FOURTH SEPARATE DEFENSE

Defendant reserves the rights to seek an award of counsel fees and costs pursuant to Rule 11 of the Federal Rules of Civil Procedure, the FLSA and the NYLL.

## TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff's claims, and those of any members of the putative class or collective he purports to represent, are barred in whole or in part because the First Amended Complaint is uncertain in that the purported class definitions are ambiguous and conclusory.

**TWENTY-SIXTH SEPARATE DEFENSE**

Plaintiff's monetary claims, and those of any members of the putative class or collective he purports to represent, are barred in whole or in part by their failure to mitigate or avoid their alleged damages.

**TWENTY-SEVENTH SEPARATE DEFENSE**

To the extent it is determined that there is or was any employment relationship between (i) either Plaintiff or any member of a putative collective action or class action; and (ii) Defendant, Defendant has acted in good faith conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, and/or administrative practices or enforcement policies of said Administrator and, accordingly, the action is barred under the Portal-to-Portal Act, 29 U.S.C. § 259.

**TWENTY-EIGHTH SEPARATE DEFENSE**

To the extent it is determined that there is or was any employment relationship between (i) either Plaintiff or any member of a putative collective action or class action; and (ii) Defendant, this action cannot be maintained as a class action as Plaintiff fails to meet the requirements of Rule 23 assuming, arguendo, Rule 23 is applicable to Plaintiff's state law claims.

**TWENTY-NINTH SEPARATE DEFENSE**

To the extent it is determined that there is or was any employment relationship between (i) either Plaintiff or any member of a putative collective action or class action; and (ii) Defendant, Defendant opposes collective action and class action certification; and disputes the propriety of collective action and class action treatment.  If the Court

certifies a collective action and/or class action in this case over Defendant's objections, Defendant asserts the applicable affirmative and other defenses set forth herein against each and every member of the certified collective action and/or class action to the extent not already asserted.

## THIRTIETH SEPARATE DEFENSE

Defendant reserves the right to assert additional separate defenses as may develop or be uncovered including based upon discovery.

WHEREFORE, Defendant respectfully requests that the First Amended Complaint be dismissed in its entirety, with prejudice, and that the Court award Defendant the cost of its defense, including reasonable attorneys' fees, and such other relief as the Court deems appropriate.

Dated:   August 21, 2015
         New York, New York

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
88 Pine Street
24th Floor
New York, New York 10005
Attorneys for Defendant


By:     s/ J. Michael Riordan
        J. Michael Riordan